[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FINDING OF FACT IN CONCLUSIONS OF LAW
In the above captioned matter the court, after hearing, finds the following facts:
1. On or about December 1, 1996, the plaintiff purchased a book of accounts from an agency known as Alexander and Alexander for approximately $100,000.
2. On that date, the defendant was an employee of Alexander and Alexander who serviced those accounts.
3. In order to strengthen its relationship with these accounts the plaintiff hired the defendant pursuant to a consulting agreement.
4. By letter dated January 3, 1997, the defendant proposed to the plaintiff that the consulting agreement be terminated and replaced by an employment agreement.
5. Among the terms of the employment agreement proposed by the defendants were "also other provisions should be included in the agreement such as Non-Compete paragraph and provisions for renewal of agreement."
6. In June of 1997, the plaintiff and defendant agreed to CT Page 7088 dissolve the consulting agreement and to enter in to an employment agreement.
7. The plaintiff and defendant agreed that the employment relationship would be reduced to writing at a later time.
8. At the time of the oral agreement, June 1997, there was no clear discussion of a covenant not to compete.
9. In January of 1998 the employment agreement headed "Production Agreement" was signed by the parties.
10. The January 1998 agreement contained a covenant not to compete within five miles of the City of Hartford for a two year period. It also contained a covenant not to "solicit, directly or indirectly, . . . any prospect, customer, insured, or client of the employer as of the date producers termination."
11. The January 1998 agreement further provided that "employer shall have the right to injunctive relief.
12. The term "prospect", while perhaps vague to the general public, had a precise meaning to the parties. "Prospects" were contained on a list on the plaintiffs compute system.
13. The defendant has directly or indirectly solicited business from the following clients or prospects of the plaintiff:
 a. The Automobile Club of Hartford b. The Bidwell Industrial Group c. Roncalli Nursing Homes d. Schilberg Integrated Metals e. Simco Upstate Metals f. The Desk Drawer g. Power Design, Inc. h. The Sharon Hospital i. The Town of Manchester
14. The defendant knew that the covenants not to compete were common in the industry and he had previously signed contracts containing covenants not to compete on several occasions.
 CONCLUSIONS OF LAW
Having considered the arguments of the parties the court CT Page 7089 reaches the following conclusions of law.
1. The sufficiency of consideration is a question of law based upon the evidence.
2. There was no new consideration at the time the parties signed the production agreement.
3. In an employment contract "past consideration" does not make a promise enforceable.
4. If the employee knew that a covenant not to compete would be required and if there is a reasonable temporal proximity the consideration of employment may support the contract.
5. While the time period is somewhat longer than generally reported, the January 1998 reduction to writing of the June 1997 agreement is supported by consideration.
6. Further the defendant was an at-will employee who would have been terminated from employment if he had not signed the "production agreement".
Wherefore the court issues the temporary injunction attached hereto. Plaintiffs shall post bond for the temporary injunction in the amount of $100,000.
Whereas, a Verified Complaint, Affidavit, Application for Temporary Injunction, documentary and testimonial evidence at hearing having been presented to me, and it appearing that immediate irreparable loss or damage has already resulted and will continue to result to the plaintiff, the Court is of the opinion that an injunction ought to issue in the following manner:
IT IS ORDERED that the Defendant, his agents, servants, employees, and other persons that act in concert with him are:
1. Enjoined until further order of the court from the following:
(A) Directly or indirectly soliciting the insurance business from any of the following entities:
a. The Automobile Club of Hartford; CT Page 7090 b. The Bidwell Industrial Group; c. Roncalli Nursing Homes; d. Schilberg Integrated Metals; e. Simco Upstate Metals; f. The Desk Drawer; g. Power Design, Inc.; h. The Sharon Hospital; and i. The Town of Manchester.
Dated at Hartford, Connecticut this 11th day of June, 1999.
Kevin E. Booth, A Judge of the Superior Court